Patrick A. Long, Bar No. 48221
Abraham H. Tang, Bar No. 186334
LONG WILLIAMSON & DELIS
400 North Tustin Avenue, Suite 370
Santa Ana, California 92705
palong@lw-d.com
ahtang@lw-d.com
(714) 668-1400
(714) 668-1411

Attorneys for Defendant, ADT SECURITY SERVICES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| KELEIGH ROBERTS | ) |
|---|---|
| Plaintiff, | ) Case No. 08 CV 1056 LAB RBB |
| vs. | ) ANSWER AND AFFIRMATIVE ) DEFENSES OF DEFENDANT ) ADT SECURITY SERVICES, INC. |
| ADT SECURITY SERVICES, INC. et al., | ) |
| Defendant. | ) |

**TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**COMES NOW,** through undersigned counsel, Defendant, ADT Security Services (Defendant), and answers the Complaint filed on behalf of Plaintiff, Keleigh Roberts (Plaintiff) as follows:

/ / / /

1

## I. INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant denies each and every allegation therein.

2. Answering Paragraph 2 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations therein, and on that basis, denies said paragraph.

## II. FINDINGS AND PURPOSE OF STATUTES VIOLATED

3. Answering Paragraph 3 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein. Additionally, to the extent Paragraph 3 contains allegations of fact, Defendant denies each and every allegation therein.

4. Answering Paragraph 4 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein. Additionally, to the extent Paragraph 4 contains allegations of fact, Defendant denies each and every allegation therein.

5. Answering Paragraph 5 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein. Additionally, to the extent Paragraph 5 contains allegations of fact, Defendant denies each and every allegation therein.

6. Answering Paragraph 6 of the Complaint, Defendants does not have sufficient information to admit or deny what the gravamen of Plaintiff's Complaint is. Additionally, to the extent Paragraph 6 of the Complaint contains allegations of fact, Defendant denies that it violated State and Federal laws which were specifically enacted to protect Plaintiff.

## III. JURISIDICTION.

7. Answering Paragraph 7 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein. Additionally, to the extent Paragraph 7 contains allegations of fact, Defendant

ANSWER TO COMPLAINT

denies each and every allegation therein.

## IV. PARTIES

8. Answering Paragraph 8 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein. Additionally, to the extent Paragraph 8 contains allegations of fact, Defendant denies each and every allegation therein.

9. Answering Paragraph 9 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein. Additionally, to the extent Paragraph 9 contains allegations of fact, Defendant denies each and every allegation therein.

## V. FACTS

10. Answering Paragraph 10 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein. Additionally, to the extent Paragraph 10 contains allegations of fact, Defendant denies each and every allegation therein.

11. Answering Paragraph 11 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations therein, and on that basis, denies the allegations contained in that paragraph.

12. Answering Paragraph 12 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations therein, and on that basis, denies the allegations contained in that paragraph.

13. Answering Paragraph 13 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations therein, and on that basis, denies the allegations contained in that paragraph.

14. Answering Paragraph 14 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations therein, and on that basis, denies the allegations contained in that paragraph.

15. Defendant denies each and every allegation contained in Paragraph 15

of the Complaint.

16. Defendant denies each and every allegation contained in Paragraph 16 of the Complaint.

17. Defendant denies each and every allegation contained in Paragraph 17 of the Complaint.

18. Defendant denies each and every allegation contained in Paragraph 18 of the Complaint.

19. Defendant denies each and every allegation contained in Paragraph 18 of the Complaint.

20. Defendant denies each and every allegation contained in Paragraph 20 of the Complaint.

21. Defendant denies each and every allegation contained in Paragraph 21 of the Complaint.

22. Defendant denies each and every allegation contained in Paragraph 22 of the Complaint.

23. Defendant denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Defendant denies each and every allegation contained in Paragraph 24 of the Complaint.

25. Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

26. Defendant denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Defendant denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Defendant denies each and every allegation contained in Paragraph 28 of the Complaint.

29. Defendant denies each and every allegation contained in Paragraph 29

ANSWER TO COMPLAINT

of the Complaint.

30. Defendant denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Defendant denies each and every allegation contained in Paragraph 31 of the Complaint.

32. Defendant denies each and every allegation contained in Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation contained in Paragraph 33 of the Complaint

34. Defendant denies each and every allegation contained in Paragraph 34 of the Complaint.

35. Defendant denies each and every allegation contained in Paragraph 35 of the Complaint.

36. Answering paragraph 36 of the Complaint, Defendant denies the allegation it made harassing communications. Additionally, Defendant lacks sufficient information to admit or deny the remainder of the allegations of this paragraph, and on that basis, denies said allegations.

37. Answering Paragraph 37 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein.

38. Answering Paragraph 38 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein.

39. Answering Paragraph 39 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein.

40. Defendant denies each and every allegation contained in Paragraph 40 of the Complaint.

//////

## VI. FOUR (4) CAUSES OF ACTION
## FIRST CAUSE OF ACTION
## VIOLATION OF §1788.17 of the RFDCPA

41. Answering Paragraph 40 of the Complaint, Plaintiff uses this paragraph to incorporate by reference the previous 40 paragraphs. Accordingly, Defendant admits and/or denies Plaintiff's allegations in this paragraph as it has previously admitted and/or denied each of these 40 paragraphs.

42. Answering Paragraph 42 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein. Additionally, to the extent Paragraph 42 contains allegations of fact, Defendant denies each and every allegation therein.

43. Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Answering Paragraph 44 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein. Additionally, to the extent Paragraph 44 contains allegations of fact, Defendant denies each and every allegation therein.

45. Defendant denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Defendant denies each and every allegation contained in Paragraph 46 of the Complaint.

47. Answering Paragraph 47 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein. Additionally, to the extent Paragraph 47 contains allegations of fact, Defendant denies each and every allegation therein.

48. Defendant denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Defendant denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Defendant denies each and every allegation contained in Paragraph 51 of the Complaint.

## SECOND CAUSE OF ACTION
## VIOLATION OF §1788.14 (c) of the RFDCPA

52. Answering Paragraph 52 of the Complaint, Plaintiff uses this paragraph to incorporate by reference the previous 52 paragraphs. Accordingly, Defendant admits and/or denies Plaintiff's allegations in this paragraph as it has previously admitted and/or denied each of these 52 paragraphs.

53. Answering Paragraph 53 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein. Additionally, to the extent Paragraph 53 contains allegations of fact, Defendant denies each and every allegation therein.

54. Defendant denies each and every allegation contained in Paragraph 54 of the Complaint.

55. Defendant denies each and every allegation contained in Paragraph 55 of the Complaint.

## THIRD CAUSE OF ACTION
## INVASION OF PRIVACY (INTRUSION UPON SECLUSION)

56. Answering Paragraph 56 of the Complaint, Plaintiff uses this paragraph to incorporate by reference the previous 56 paragraphs. Accordingly, Defendant admits and/or denies Plaintiff's allegations in this paragraph as it has previously admitted and/or denied each of these 56 paragraphs.

57. Defendant denies each and every allegation contained in Paragraph 57 of the Complaint.

58. Answering Paragraph 58 of the Complaint, Defendant does not have sufficient information to admit or deny the allegations of law contained therein. Additionally, to the extent Paragraph 58 contains allegations of fact, Defendant denies each and every allegation therein.

59. Defendant denies each and every allegation contained in Paragraph 59 of the Complaint.

60. Defendant denies each and every allegation contained in Paragraph 60 of the Complaint.

## FOURTH CAUSE OF ACTION
## TORT IN SE

61. Answering Paragraph 61 of the Complaint, Plaintiff uses this paragraph to incorporate by reference the previous 61 paragraphs. Accordingly, Defendant admits and/or denies Plaintiff's allegations in this paragraph as it has previously admitted and/or denied each of these 61 paragraphs.

62. Defendant denies each and every allegation contained in Paragraph 62 of the Complaint.

63. Defendant denies each and every allegation contained in Paragraph 63 of the Complaint.

## VII. PRAYERS FOR RELIEF

64. Defendant denies that Plaintiff is entitled to the relief sought or any other relief.

Further answering the Complaint, Defendant pleads the following separate and additional defenses.

## AFFIRMATIVE DEFENSES

**AND NOW**, further answering Plaintiff's Complaint, Defendant avers as follows:

/ / / / /

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Each and every cause of action in Plaintiff's First Amended Complaint, and/or the whole thereof, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff is barred by the applicable one year statute of limitations regarding deceptive or Fair Debt Collection Practices, and any other statute of limitations period that may apply.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean hands)

Plaintiff has engaged in acts of which constitute unclean hands which deprive him of his right to pursue the claims and remedies alleged in his First Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff has engaged in conduct consisting of laches which deprives him of his right to pursue the claims and remedies alleged in his First Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has engaged in conduct amounting to a waiver of his right to pursue the claims and remedies alleged in his First Amended Complaint.

/ / / / /

### SIXTH AFFIRMATIVE DEFENSE
### (Assignment)

Plaintiff no longer has the rights upon which he pursues against Defendant because he has already assigned such rights away.

### SEVENTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

Plaintiff has engaged in conduct amounting to contributory and/or comparative negligence entitling Defendant to a partial, of not complete, offset of any damages awarded.

### EIGHTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiff has engaged in conduct whereby he assumed the risk of his actions, and the consequences and results thereby, and therefore, cannot pursue the remedies he seeks against Defendant, whether partially or totally.

### NINTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

A prior lawsuit, action, or proceeding adjudicated in favor of Defendant bars Plaintiff from pursuing the rights and remedies he seeks against Defendant because such requests are barred by the doctrine of collateral estoppel.

### TENTH AFFIRMATIVE DEFENSE
### (Res Judicata)

A prior lawsuit, action or proceeding adjudicated in favor of Defendant bars Plaintiff from pursuing the rights and remedies he seeks against Defendant because such requests are barred by the doctrine of res judicata.

////

## ELEVENTH AFFIRMATIVE DEFENSE
### (Breach of Contract)

Plaintiff is barred from pursuing the rights and remedies he seeks against Defendant because Plaintiff has failed to satisfy or perform the material conditions upon which he was required to satisfy or perform before Plaintiff could pursue the rights and remedies he has sought against Defendant in this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Plaintiff has failed to properly file or notice a claim with the appropriate governmental body which is a condition precedent to bringing the instant lawsuit.

## THIRTEEN AFFIRMATIVE DEFENSE
### (No vicarious liability)

Plaintiff is barred from pursuing vicarious liability against Defendant under the Federal Fair Debt Collection Practices Act.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of proper party)

Plaintiff is barred from pursuing liability under the Federal Fair Debt Collection Practices Act against Defendant because Defendant is not a "debt collector" as defined by that Act.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

Defendant alleges that Plaintiff has not suffered any damages as a result of the acts alleged to have been committed by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff is barred from seeking damages due to its failure to mitigate the same.

## SEVETEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Each and every cause of action asserted by Plaintiff against Defendant is barred by reason of acts, omissions, representations or courses of conduct by Plaintiff upon which Defendant was led to rely to its detriment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Duty)

Defendant owed no duty to the Plaintiff. To the extent Defendant owed a duty to Plaintiff, which is denied, Defendant did not breach such duty.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Prescription)

Any claim against Defendant is barred by prescription.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Preemption)

Any claim against Defendant is barred by preemption.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure of consideration)

Any alleged contract lacked consideration.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (License)

Defendant is entitled to the defense and right of license.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Payment)

Plaintiff's claims are discharged as a result of the payment of the alleged debts in controversy.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

Any alleged contract is barred by the applicable statute of frauds.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Constitutional Due Process)

Defendant avers that the claims in Plaintiff's Complaint which seek damages violate Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, all applicable provisions of the Constitution of the State of California, and any state's law which may be applicable.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Right against Excessive Fines)

Defendant avers that the claims in Plaintiff's Complaint seeking damages violate Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, all applicable provisions of the Constitution of the State of California, and any state's law which may be applicable.

Defendant reserves the right to amend its Answer to allege any additional defenses as may later become available or apparent. Further, Defendant reserves the right to withdraw any defenses that it subsequently determines to be inapplicable. Defendant further reserves the right to file Counter-Claims or Third-Party Claims, such as the facts may later disclose and require. Nothing stated in the foregoing defenses constitutes a concession that Defendant bears any burden of proof on any issue on which it would not otherwise bear such burden.

**WHEREFORE,** Defendant prays for judgment as follows:

1. That all relief requested in the Complaint be denied.
2. That Plaintiff take nothing by virtue of this action.
3. That the Complaint be dismissed.
4. For costs of suit and attorney's fees incurred herein; and
5. For such other and further relief as the Court may deem proper.

DATED: June 18, 2008

LONG WILLIAMSON & DELIS

BY: /s/ Patrick A. Long
PATRICK A. LONG
ABRAHAM H. TANG
Attorneys for
Defendant ADT
SECURITY SERVICES

# PROOF OF SERVICE

I am employed in Orange County. I am over the age of 18 and not a party to this action. My business address is 400 North Tustin Avenue, Suite 370, Santa Ana, California 92705.

On June 18, 2008, I served the foregoing document(s), described as:

    1.   ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ADT SERVICES INC.

☒   by placing the ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

    Michael G. Doan
    Doan Law Firm, LLC
    2850 Pio Pico Drive
    Carlsbad, CA 92008

☐   **BY U.S. MAIL.** I deposited such envelope in the mail at Santa Ana, California. The envelopes were mailed with postage thereon fully prepaid.

I am readily familiar with Long Williamson & Delis' practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐   **BY FACSIMILE** machine pursuant to Rule 2008(e). The recipient's name and fax number that I used are as shown above. The facsimile machine that I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), a transmission report was properly issued by the transmitting facsimile machine.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **OVERNITE EXPRESS.** I caused such envelopes to be deposited in the Overnite Express Drop Box at Santa Ana, California.

I am personally and readily familiar with the business practice of this office for collection and processing correspondence for Overnite Express mailing. Under that practice it would be dropped in the drop box for the Overnite Express Service on that same day at Santa Ana, California in the ordinary course of business.

☐ **FEDERAL EXPRESS.** I caused such envelopes to be deposited in the Federal Express Drop Box at Santa Ana, California.

I am personally and readily familiar with the business practice of this office for collection and processing correspondence for Federal Express mailing. Under that practice it would be dropped in the drop box for the Federal Express Service on that same day at Santa Ana, California in the ordinary course of business.

☐ **BY PERSONAL SERVICE.** I delivered such envelope by hand to the offices of the addressee.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on June 18, 2008 at Santa Ana, California.

SUSAN E. BOYKO